**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 1900
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Karen C. Stafford, SBN 030308
kstafford@cavanaghlaw.com
Victoria R. Kelly, SBN 035658
vkelly@cavanaghlaw.com
Andrea M. Swan, SBN 037083
aswan@cavanaghlaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Akins,<br><br>                Plaintiff,<br><br>v.<br><br>QuikTrip Corporation,<br><br>                Defendants. | NO.<br><br>**PETITION FOR REMOVAL** |

Defendant QuikTrip Corporation (hereinafter referred to as "Defendant" or "Defendant QuikTrip"), by and through undersigned counsel, respectfully files this Petition for Removal and Notice of Removal of Maricopa County Superior Court Case No. CV2023-013607, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

      1.     A civil action seeking to recover money damages has been commenced by Plaintiff Angela Akins ("Plaintiff") and is now pending in the Maricopa County Superior

Court in and for the State of Arizona, captioned *Angela Akins v. QuikTrip Corporation,,* Maricopa County Superior Court Case No. CV2023-013607 ("the State Action").

2. Plaintiff's Complaint in the State Action was filed on September 6, 2023. A true and correct copy of the Complaint filed by Plaintiff in the State Action is attached hereto as Exhibit "A" and incorporated herein by reference. Plaintiff seeks damages related to Defendant's alleged conduct in the maintenance of its premises. *See* Exhibit "A" at ¶ 6.

3. Plaintiff's Complaint was served on Defendant via personal service on September 7, 2023. *See* Affidavit of Service, which is attached hereto as Exhibit "B." The Complaint was filed contemporaneously with the Summons, the Civil Cover Sheet, and the Certificate of Compulsory Arbitration. A true and correct copy of the Summons is attached hereto as Exhibit "C." A true and correct copy of the Civil Cover Sheet is attached hereto as Exhibit "D." A true and correct copy of the Certificate of Compulsory Arbitration is attached hereto as Exhibit "E."

4. To date, Defendant is not aware of any other pleadings filed in the State Action.

5. Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits "A" through "E" are true and correct copies of all documents filed in the State Action. A true and correct copy of the state court docket is attached hereto as Exhibit "F."

6. Pursuant to L.R. 3.6(b), Defendant has also attached to this Petition for Removal the Supplemental Cover Sheet which it will file contemporaneously with this Petition for Removal.

7. Upon information and belief, at all material times, Plaintiff resided in Maricopa County, State of Arizona. *See* Exhibit "A" at ¶ 1.

8. Upon information and belief, at all material times in this lawsuit, Plaintiff was and is a citizen of the State of Arizona. *Id.* at ¶ 1.

9. To determine a natural person's state of citizenship, the Court looks to domicile, which includes looking at where the person's permanent home is, which is where the person "resides with the intention to remain." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). This case involves an accident that occurred in Arizona after which Plaintiff sought treatment in Arizona. Plaintiff has alleged in her Complaint that, at all relevant times in this lawsuit, she resided in Maricopa County, State of Arizona. *See* Exhibit "A" at ¶ 1. Therefore, Plaintiff is a citizen of Arizona.

10. In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated. *Id.*

11. Defendant QuikTrip is a corporation organized under the laws of the state of Oklahoma with its principal place of business located in Oklahoma. Therefore, Defendant QuikTrip is not a citizen of Arizona.

12. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000, exclusive of interest and costs.

13. In this action, Plaintiff seeks to recover monetary damages that she claims are due and owing as a result of Defendant QuikTrip's alleged conduct in purportedly not maintaining the store where Plaintiff allegedly tripped and fell. *See* Exhibit A at ¶ 8. As a result of this accident, Plaintiff alleges that she sustained personal injuries. *Id.*

14. Plaintiff claims that due to her alleged physical injuries she has been damaged, including past, present, and future medical expenses, pain and suffering, and

lost earnings. *Id.*

15. Prior to litigation, Plaintiff submitted a demand for the injuries she claims resulted from her alleged fall at QuikTrip in the amount of $500,000. In that demand, Plaintiff claims to have incurred $110,604.23 in medical expenses. In addition to medical expenses, Plaintiff claims that she incurred months of pain, suffering and inconvenience.

16. Additionally, Plaintiff has certified that the case is not subject to compulsory arbitration, meaning that Plaintiff views the case as having a value in excess of $50,000.00, **excluding interest and costs**. *See* Exhibit "E"; *see also Ansley v. Metro Life Ins. Co.*, 215 F.R.D. 575, 576-78 (D. Ariz. 2003) (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

17. In light of Plaintiff's claims of personal injury, their demand in the amount of $500,000, their claimed medical expenses of $110,604.23, and her certification that her damages, exclusive of interest and costs, exceed $50,000.00, it is clear that the amount in controversy exceeds the jurisdictional minimum in this Court, which is $75,000.00. *See Ansley*, 218 F.R.D. at 576-78.

18. Accordingly, this civil action, over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

19. There are no other named defendants in this matter so no additional consent is necessary. *See* 28 U.S.C. § 1446(b)(2)(A).

20. This Petition for Removal and Notice of Removal is filed within the appropriate time allowed by the rules of this Court. *See* 28 U.S.C. § 1446(b)(1) and (b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of

the initial pleading or summons described in paragraph (1) to file the notice of removal.").

21.  Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

22.  Pursuant to LRCiv 3.6(d), Defendant requests a jury trial, and has indicated the same on the Civil Cover Sheet.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this September 27, 2023.

**THE CAVANAGH LAW FIRM, P.A.**

By: *s/Karen C. Stafford*
    Karen C. Stafford
    Victoria R. Kelly
    Andrea M. Swan
    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and electronic copy to the following party:

Sean P. Hennick
Hastings & Hastings
1221 E. Osborn Rd., Suite A202
Phoenix, Arizona 85014
litigation@hastingsandhastings.com
*Attorneys for Plaintiff*

*s/Amy Howard*